UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
:
VYDIA, INC.,                                               :
:
                          Plaintiff,    : Index No. 25-cv-5638
       - against-                                          :
:  **COMPLAINT**
CREATOR SYNC, INC.,                                        :
:
                          Defendant.    :
:
-----------------------------------------------------------X

Plaintiff Vydia, Inc. ("Vydia" or "Plaintiff"), by and through its undersigned attorneys, hereby files this Complaint against Defendant Creator Sync, Inc. ("Creator Sync" or "Defendant"), and alleges as follows:

## NATURE OF THIS ACTION

1. This is an action for breach of contract, and in the alternative for unjust enrichment, conversion, and fraudulent inducement.

2. Plaintiff operates an end-to-end technology platform and services company that provides an all-in-one platform for artists, labels, and managers to distribute, manage, and monetize their content.

3. Defendant purports to operate a platform and marketplace for musical artists to connect with influencers and generate streaming revenues and royalties.

4. Defendant engaged Plaintiff for its content management and royalty administration services in connection with two musical artists: Morae Ruffin p/k/a Morray ("Morray") and Jeffrey Sidhoo p/k/a Jay Worthy ("Worthy") (together, the "Artists").

5. Among other things, Defendant represented to Plaintiff that it held the rights to

furnish the musical content of both Artists to Plaintiff (the "Client Content"),[1] and on the basis of that representation Plaintiff agreed to make monetary advances of $160,000 to Defendant against anticipated royalties from the exploitation of the Client Content.

6.     Plaintiff performed all of its obligations under the contract and paid the advances to Defendant.

7.     Defendant materially breached the contract because it did not have the rights with respect to Morray despite its representations to the contrary, and therefore never furnished the agreed-upon Client Content to Plaintiff.

8.     Plaintiff would not have entered into this contract but for Defendant's representation that it had the rights to the Client Content of both Artists, and that it would be furnishing both Artists' Content to Plaintiff.

9.     In particular, as between the two Artists, Plaintiff and Defendant both understood that the Morray content was the more valuable, and that the entire deal depended on Defendant's ability to deliver the Morray content.

10.    Defendant has admitted to its material breach of the contract.

11.    Plaintiff seeks to be reimbursed for the full $160,000 advance it paid Defendant, as well as its lost profits arising from Defendant's false representations and breach of contract, and to be indemnified for its losses arising from Defendant's breach, including but not limited to Plaintiff's legal costs, attorney's fees, and costs of investigation.

## THE PARTIES

12.    Plaintiff Vydia, Inc. is a Delaware Corporation located at 228 Park Avenue South, Suite 19266, New York, New York 10003.

---

[1] In the Parties' Agreement, "Client Content" refers to the content of the two Artists that Defendant ("Client") was to have provided to Plaintiff.

13. Upon information and belief, Defendant Creator Sync, Inc. is a California Corporation with its principal place of business at 1800 Vine Street, Hollywood, California 90028.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendant, and because the amount in controversy exceeds the jurisdiction requirement of $75,000, exclusive of costs and interest.

15. Personal jurisdiction and venue in this district is proper as to Defendant pursuant to 28 U.S.C. § 1391(b) (2) and (3), and because Defendant agreed that all disputes arising from or relating to the Agreement shall be heard exclusively in a State or Federal court of competent jurisdiction within the borough of Manhattan, and because Defendant consented to the exclusive personal jurisdiction in such courts, and because Defendant waived all objections on grounds of improper venue or forum non-conveniens.

## BACKGROUND FACTS

16. Effective June 25, 2024, Plaintiff and Defendant entered into an Exclusive Content License Agreement (the "Content Agreement"), and a corresponding Advance Addendum (the "Addendum") (collectively, the "Agreement").

17. Under the Agreement, Plaintiff would provide certain content management and royalty administration services (the "Vydia Services") to Defendant ("Client" in the Agreement) for the "Client Content" detailed in the Agreement.

18. Defendant represented and warranted to Plaintiff that it "owns or controls all valid right, title, and interest in and to the Client Content."

19. The Term of the Agreement was 36 months, with 12-month renewal periods.

20. Defendant was supposed to "deliver to Vydia all Client Content…within 5 business days of the Effective Date, and thereafter, with respect to new Client Content, within 2 business days after the same becomes Client Content hereunder."

21. Notably, in the Agreement, Defendant indemnified Plaintiff "from and against any and all damages, liabilities, costs, losses and expenses (including legal costs and reasonable attorneys' fees and costs of investigation) ('Losses') arising out of: a breach or threatened breach by Client of any warranty, representation, agreement, undertaking or covenant contained in this Agreement including, without limitation, any claim, demand, or action ('Claim') which is inconsistent with any of the warranties, representations, agreements or covenants made by Client in this Agreement."

22. Under the Addendum, Plaintiff agreed to provide Defendant, *inter alia*, an "Advance" consisting of a $160,000 "Cash Advance" and $10,000 "Marketing Spend" in connection with the two musical Artists - Morray and Worthy.

23. Plaintiff performed in accordance with the Addendum and provided full payment to Defendant.

24. However, Defendant never delivered the Client Content, having failed to deliver (and having never had the right to deliver) the content associated with Morray.

25. The Addendum language is clear that "Client agrees that a breach of this Addendum will also be deemed to be a breach of the Content Agreement (provided that in no event will Vydia be entitled to double recovery)."

26. Plaintiff became aware that Defendant overstated or misstated its rights with respect to the Client Content, as Defendant had already delivered Morray's masters to another record label before promising to do so to Plaintiff.

4

27. Obviously, had it been aware of such circumstances, Plaintiff never would have given Defendant $160,000 for the Client Content, and never would have entered into the Agreement.

28. On March 11, 2025, Plaintiff – through its counsel – demanded that Defendant return the advance monies and reimburse Plaintiff for its legal costs and attorneys' fees.

29. In response, Defendant engaged counsel, and the two parties' attorneys engaged in settlement discussions.

30. On April 1, 2025, Defendant's counsel confirmed to Plaintiff's counsel that Defendant had agreed to the settlement terms advanced by Plaintiff, asking Plaintiff's counsel to provide draft settlement papers.

31. Plaintiff's counsel provided draft settlement papers to Defendant's counsel on April 4, 2025.

32. On April 9, 2025, Defendant's counsel indicated that he was waiting for client approval on "a few redlined comments" and that he hoped to revert "by the end of the day."

33. Notwithstanding Defendant's agreement to Plaintiff's settlement terms, on April 17, 2025, Defendant's counsel advised Plaintiff's counsel that they would not be able to adhere to the terms they had agreed to.

34. On April 23, 2025, Plaintiff's counsel sent Defendant's counsel a revised set of papers reflecting more generous settlement terms, but Defendant did not accept those revised settlement terms.

35. Given Defendant's failure to accept the fair and generous settlement terms Plaintiff offered in April 2025, Plaintiff seeks to terminate the Agreement in its entirely, along with repayment of the entire advance.

36.     Plaintiff also seeks to recover its lost profits arising from Defendant's false representations and breaches, which are currently estimated to have amounted to at least $100,000.00.

37.     Plaintiff also seeks to be indemnified for its losses arising from Defendant's breach, including but not limited to Plaintiff's legal costs, attorney's fees, and costs of investigation.

## FIRST CAUSE OF ACTION
**(Breach of Contract)**

38.     Plaintiff repeats, realleges and incorporates herein by reference each and every allegation contained above as though the same were set forth in full herein.

39.     Defendant contractually hired Plaintiff to provide content management and royalty administration services to Defendant with respect to the Client Content, which Plaintiff would then monetize and share the revenues with Defendant.  Plaintiff agreed to provide Defendant with a $160,000 advance against those revenues.

40.     Defendant agreed that if it failed to deliver the Client Content, it would repay the advance to Plaintiff.

41.     Defendant also agreed to indemnify Plaintiff, *inter alia*, "from and against any and all damages, liabilities, costs, losses and expenses (including legal costs and reasonable attorneys' fees and costs of investigation) ('Losses') arising out of: a breach or threatened breach by Client of any warranty, representation, agreement, undertaking or covenant contained in this Agreement including, without limitation, any claim, demand, or action ('Claim') which is inconsistent with any of the warranties, representations, agreements or covenants made by Client in this Agreement."

42.     Plaintiff provided Defendant the full advance for the Client Content as promised

6

under the Agreement.

43. Defendant materially breached the Agreement by failing to deliver the Client Content.

44. Defendant materially breached the Agreement again by failing and refusing to repay the advance to Plaintiff after it failed to deliver the Client Content.

45. Defendant continues to refuse to repay the advance to Plaintiff.

46. Plaintiff has been damaged by Defendant's knowing and willful material breach of the Agreement in that Plaintiff has been deprived of the $160,000 advance that it made to Defendant and which Defendant refuses to return to Plaintiff.

47. Plaintiff has been further damaged by Defendant's knowing and willful material breach of the Agreement in that Plaintiff has been deprived of the profits it expected to make in connection with the exploitation of the Client Content that Defendant failed to deliver, which based on Plaintiff's projections, Plaintiff expected to have been at least $100,000.

48. Plaintiff has been further damaged by having to incur legal costs and fees, and costs of investigation, of at least $20,000, which costs and fees continue to accrue.

## SECOND CAUSE OF ACTION
### (Unjust Enrichment – in the Alternative to Breach of Contract)

49. Plaintiff repeats, realleges and incorporates herein by reference each and every allegation contained above as though the same were set forth in full herein.

50. Plaintiff paid Defendant $160,000 on condition that Defendant deliver the Morray Content to Plaintiff, and that the $160,000 would be an advance against future royalties for the Client Content.

51. Defendant received benefit from the $160,000 Plaintiff paid it.

52. Defendant has retained for itself the benefit of the $160,000 Plaintiff provided to

7

it for the Client Content, without providing any value to Plaintiff.

53. Defendant has failed to and refused to compensate Plaintiff for the value of the $160,000 Plaintiff provided.

54. There is no adequate remedy at law.

55. Equity and good conscience require Defendant to make restitution to Plaintiff in the amount of at least $160,000.00.

### THIRD CAUSE OF ACTION
### (Conversion – in the Alternative to Breach of Contract)

56. Plaintiff repeats, realleges and incorporates herein by reference each and every allegation contained above as though the same were set forth in full herein.

57. Plaintiff paid Defendant $160,000 on condition that Defendant deliver the Client Content to Plaintiff.

58. Defendant retained the $160,000 but failed to deliver the Client Content and failed to repay any portion of the $160,000 for the Client Content to Plaintiff.

59. Defendant has acted illegally, recklessly, and maliciously in failing and refusing to return the $160,000 to Plaintiff.

60. The $160,000 is the property of Plaintiff.

61. Defendant has improperly exercised dominion over the $160,000 in derogation of Plaintiff's rights, and to the exclusion of Plaintiff's rights.

62. Defendant has converted Plaintiff's $160,000.

63. Defendant is liable to Plaintiff for damages of at least $160,000.

### FOURTH CAUSE OF ACTION
### (Fraudulent Inducement – in the Alternative to Breach of Contract)

64. Plaintiff repeats, realleges and incorporates herein by reference each and every allegation contained above as though the same were set forth in full herein.

8

65. Defendant induced Plaintiff to pay $160,000, by representing to Plaintiff that Defendant had the contractual power to deliver the Client Content to Plaintiff, and promising to deliver the Client Content, which explicitly included both the Morray and Worthy content, not simply one or the other at Defendant's discretion.

66. Plaintiff paid Defendant $160,000 in express reliance on Defendant's representations and promises.

67. At the time that Defendant made its representations to Plaintiff, Defendant knew that its representations were false.

68. At the time that Defendant made its promises to Plaintiff, Defendant knew that it had no intention of living up to its promises, and in fact knew that it would not live up to its promises to Plaintiff.

69. Had Plaintiff known that Defendant knew that its representations were false, Plaintiff would not have paid $160,000 to Defendants.

70. Had Plaintiff known that Defendant knew that it would not live up to its promises, Plaintiff would not have paid $160,000 to Defendants.

71. Because Defendant did not provide what was represented and promised, and because Defendant knew from the outset that it would never provide what was represented and promised, Defendant committed fraud, and should be estopped from enjoying the benefits of their wrongdoing.

72. Plaintiff has been damaged by Defendant's wrongful actions in an amount to be determined at trial that is, upon information and belief, well in excess of $260,000, and potentially significantly higher.

73. Defendant's wrongful actions were exceptionally improper and damaging, in that Defendant effectively sold rights that it did not have and knew that it did not have.

74. The interests of the public are directly impacted by Defendant's behavior, as the public needs to be protected from this type of blatant fraud.

75. In view of the exceptional nature of Defendant's wrongful actions, and its clear implications for the public at large, Plaintiff should be awarded punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Vydia, Inc. demands judgment against Defendant Creator Sync, Inc. as follows:

   a. For damages in an amount as may be awarded at trial of at least $260,000.00;

   b. For contractual indemnification of losses, including reasonable attorneys' fees, costs, and disbursement of this action as may be awarded at trial, of at least $20,000.00;

   c. For exemplary and punitive damages against Defendant in an amount as the Court may determine to halt such conduct;

   d. For pre-judgment and post-judgment interest according to law; and

   e. For such other and further relief as this Court deems just and proper.

Dated: New York, New York
       July 8, 2025

PARNESS LAW FIRM, PLLC

By: <u>   /s/ Hillel I. Parness          </u>
Hillel I. Parness (HP-1638)
Nicole J. Chessin (NC-4781)
136 Madison Ave., 6th Floor
New York, New York 10016
(212) 447-5299
hip@hiplaw.com
nicolechessinesq@gmail.com
*Attorneys for Plaintiff Vydia, Inc.*