**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

VYDIA, INC.,

                              Plaintiff,

                    -against-                                        MEMORANDUM DECISION
                                                                       AND ORDER

CREATOR SYNC, INC.,
                                                                     25 Civ. 5638 (GBD) (KHP)

                              Defendant.


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GEORGE B. DANIELS, United States District Judge:

Plaintiff Vydia, Inc. ("Vydia") brought the above-captioned action against Defendant Creator Sync, Inc. ("Creator") for breach of contract, and in the alternative for unjust enrichment, conversion and fraudulent inducement. (Complaint, ("Compl."), ECF No. 1.) The Complaint seeks an award of damages pursuant to an Exclusive Content License Agreement and corresponding Advance Addendum (together, the "Agreement"). (*Id.* at 3.) On August 11, 2025, Vydia moved for an entry of default as to Creator Sync, Inc. (ECF No. 10.) Upon Plaintiff's application and in light of Defendant's failure to appear in or otherwise defend against this action, this Court referred this matter to Magistrate Judge Katharine H. Parker for a Report and Recommendation on issuance of a default judgment and damages on September 23, 2025. (ECF No. 13.)

Before this Court is Judge Parker's January 15, 2026 Report and Recommendation recommending that this Court enter default judgment against Creator and in favor of Vydia, and award principal damages, pre- and post-judgment interest, attorneys' fees and costs. (Report and Recommendation, ("Report"), ECF No. 38.) Plaintiff seeks damages in the amount of $160,000.00

1

attorneys' fees in the amount of $30,875.50, and costs in the amount of $566.42. (Report at 1.) The Report recommends that Plaintiff be awarded: (a) principal damages in the amount of $160,000.00; (b) pre-judgment interest on such damages, at the interest rate of nine percent (9%; *i.e.*, $39.45 per day) from July 1, 2024 through the date of entry of judgment; (c) post-judgment interest pursuant to 28 U.S.C. § 1961; (d) attorneys' fees in the amount of $30,875.50; and (e) costs in the amount of $566.42. No objections were filed. Having reviewed the Report for clear error, this Court ADOPTS the Report in its entirety, GRANTS Vydia's motion for default judgment against Creator and AWARDS damages, pre- and post-judgment interest, attorneys' fees and costs to Plaintiff in the amounts set forth below.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Vydia provides an all-in-one platform for artists, labels, and managers to distribute, manage, and monetize their content.[1] (Compl., ECF No. 1, ¶ 2.) Creator operates a marketplace for musical artists to connect with influencers to generate streaming revenues and content. (*Id.* ¶ 3.) Creator engaged Vydia in connection with two musical artists: Morae Ruffin, p/k/a Morray ("Morray"), and Jeffrey Sidhoo, p/k/a Jay Worthy ("Worthy", collectively, the "Artists"). (*Id.* ¶ 4.) Creator represented to Vydia that it held the rights to furnish the musical content of Morray and Worthy (the "Client Content"). (*Id* ¶ 5.) On June 25, 2024, the parties entered into an Exclusive Content License Agreement and corresponding Advance Addendum. (*Id.* ¶ 16.)

Pursuant to the Agreement, Vydia would provide certain content management and royalty services to Creator for the Client Content. (*Id.* ¶ 17.) In the Agreement, Creator represented that it "owns or controls all valid right, title, and interest in and to the Client Content." (*Id.* ¶ 18.; ECF

---

[1]Given the Defendant's default, this Court accepts the Plaintiff's factual allegations as true. *See Finkel v. Romanowicz*, 577 F.3d 79,84 (2d Cir. 2009) (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61,65 (2d Cir. 1981)).

No 29-1 §§ 3(b).) Creator was required to provide to Vydia all Client Content within five days of the effective date of the Agreement. (Compl., ¶ 20; ECF No. 29-1 § 8.) In the Agreement, Creator indemnified Vydia "from and against any and all damages, liabilities, costs, losses and expenses (including legal costs and reasonable attorneys' fees and costs of investigation) . . . arising out of a breach" of the Agreement by Defendant, including a breach of any warranty, representation, agreement, undertaking or covenant contained in the Agreement. (Compl., ¶ 21; ECF No. 29-1 § 15.) Vydia also agreed to provide a "cash advance" of $160,000.00 to Creator against royalties on the Client Content. (Compl., ¶ 22.) The advance was meant to be recouped in installments as the Artists received royalties on the music that Vydia would promote. (ECF No. 29-1, at 14.)

Vydia provided full payments to Creator. (Report at 4.) Creator, however, failed to deliver all of the Client Content to Vydia and did not have the right to deliver the content of Morray. (*Id.*) Vydia alleges that had it been aware that Creator did not have rights to deliver Morray's content, it would not have supplied the advance or entered into the Agreement. (Compl., ¶ 27; ECF No. 29, ¶ 14.) On March 11, 2025, Vydia demanded that Creator return the advance and reimburse its legal costs and attorneys' fees. (Compl., ¶ 28.) Creator failed to do so, and Vydia sought termination of the Agreement and repayment of the advance. (Compl., ¶¶ 29-35; ECF No. 29 ¶¶ 16-17.)

On July 8, 2025, Vydia filed the Complaint. (*See* Compl.) On July 18, 2025, Vydia filed an Acknowledgment of Service. (ECF No. 8.) Creator failed to respond to the Complaint. On September 23, 2025, this Court referred this matter to Magistrate Judge Katharine H. Parker. (ECF No. 13.) On November 4, 2025, Vydia obtained a Certificate of Default. (ECF No. 27.) On November 5, 2025, Vydia moved for default judgment and damages. (ECF No 32.) On December 15, 2025, Judge Parker held an inquest hearing on damages. (ECF No. 35.) Creator failed to

3

appear at the hearing or respond to Vydia's motion. On January 15, 2026, Judge Parker issued the Report. (ECF No. 38.)

## II.    LEGAL STANDARDS

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). Further, the court need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980) (emphasis added). Instead, it is sufficient that the district court "arrive at its own, independent conclusion." *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (citation omitted). The magistrate judge's report "to which no or 'merely perfunctory' objections are made" are reviewed for clear error. *Rodriguez v. Uhler*, 2018 WL 1633568, at *1 (S.D.N.Y. Apr. 3, 2018) (citing *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006)). Clear error arises when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (quoting *United States v. Garcia*, 413 F.3d 201, 222 (2d Cir. 2005).

## III.    THIS COURT ADOPTS THE REPORT IN ITS ENTIRETY

Magistrate Judge Parker correctly determined that (a) Vydia satisfied the default judgment standard; (b) Vydia sufficiently pleaded their breach of contract claim; (c) Vydia is entitled to damages; (d) Vydia is entitled to attorney's fees; and (e) Vydia is entitled to additional costs, and pre- and post-judgment interest.

### A.    Vydia Satisfied the Default Judgment Standard

Magistrate Judge Parker correctly determined that Vydia has met the standard for default judgment. Default judgments are governed by Rule 55 of the Federal Rules of Civil Procedure. A default constitutes an admission of all well pleaded factual allegations in the complaint.

*Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). However, a plaintiff still bears the burden of establishing entitlement to recovery by providing evidence to prove the extent of their damages. *Id.* A substantive analysis of the alleged claims is required to determine whether the plaintiff may be awarded damages, and proof of damages is required. *See Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974) ("While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by [proof]").

Plaintiff has satisfied the procedural requirements of Rule 55 by requesting and obtaining a certificate of default and filing a motion for a default judgment and damages. In determining whether to grant a motion for default judgment, courts in this district consider three factors: "(1) whether the defendant's default was willful; (2) whether defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Nespresso USA, Inc. v. Africa Am. Coffee Trading Co. LLC*, No. 15-cv-5553 (LTS), 2016 WL 3162118, at *2 (S.D.N.Y. June 2, 2016) (quoting *Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, 2007 WL 4468652, at *1 (S.D.N.Y. Dec. 20, 2007)); *see also Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 455–57 (2d Cir. 2013) (applying the first two factors in review of lower court's grant of a default judgment). This Court finds no clear error in Judge Parker's determination that all three factors weigh in Vydia's favor.

First, Creator's failure to respond to the complaint or appear in this action indicates willful conduct. *See Sayeg v. Azuly*, 2016 WL 5234597, at *4 (S.D.N.Y. Aug. 12, 2016) ("By not appearing, the Court considers [defendant's] default willful."); *Indymac*, 2007 WL 4468652, at *1 (holding that non-appearance and failure to respond to motion for default judgment indicate willful

5

conduct). Further, this Court agrees that Creator had notice and an opportunity to respond, as Creator was properly served with the complaint and default judgment papers.

Second, there is no information before this Court regarding any meritorious defenses to Plaintiff's claims because Defendant failed to make an appearance. *See id.*, at *1; *see also Sayeg*, 2016 WL 5234597, at *4 (holding that failure to present any evidence shows that defendant has not presented a meritorious defense).

Third, Vydia will be prejudiced if denied the ability to seek judgment by default because they have no other means of relief against Creator. *See Indymac*, 2007 WL 4468652, at *1 (explaining that denying a motion for default judgment "would be unfairly prejudicial to Plaintiff, because [defendants] have failed to appear, defend, or plead in response to any of the substantive allegations in Plaintiff's Complaint."); *see also Sayeg*, 2016 WL 5234597, at *4 (finding the need to "engage in costly discovery to meet his burden of proof if the case were to proceed to trial" against an absent defendant as evidence of prejudice). As such, the Report correctly determined that Vydia has met its burden and this Court grants Vydia's motion for default judgment as to Creator.

**B.    Vydia's Sufficiently Pleaded their Breach of Contract Claim**

Magistrate Judge Parker did not err in finding that Vydia pleaded facts sufficient to establish a breach of contract under New York law. The elements of a New York breach of contract claim are: (1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages. *DeFlora Lake Dev. Assocs., Inc. v. Park*, 654 F. App'x 9, 10 (2d Cir. 2016).

Based on the allegations in the Vydia's Complaint, sworn declarations, and exhibits, Creator executed the Agreement and agreed to be bound by its terms and conditions. (ECF No.

6

29-1.) Vydia provided an affidavit from Jared Liebowitz, which includes the Agreement and receipts of payment for the $160,000 advance to Defendant. (Decl., ECF Nos. 29 & 29-2.) Further, Liebowitz attested that he learned that Creator did not have the rights to Morray's Client Content, never delivered Client Content after the advance was made, and refused to repay the advance. (Decl., ECF No. 29 ¶¶ 13–16.) Therefore, Vydia properly established its breach of contract claim under New York law.

### C.    Vydia is Entitled to Damages

The Agreement is governed by New York Law. (ECF No. 29-1 § 18.) Under New York law, "[a] party injured by breach of contract is entitled to be placed in the position it would have occupied had the contract been fulfilled according to its terms." *Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171, 185 (2d Cir. 2007). Courts look to the terms of the Agreement to calculate Plaintiff's damages. *JDF Cap. Inc. v. Apptigo Int'l, Inc.*, 2018 WL 2945622, at *3 (S.D.N.Y. May 8, 2018). A plaintiff may recover consequential contract damages that are a "natural and probable consequence of the breach." *RGI Brands LLC v. Cognac Brisset-Aurige, S.a.r.l.*, 2013 WL 1668206, at *6 (S.D.N.Y. April 18, 2013). Judge Parker properly determined that Vydia is owed damages in the amount of $160,000 for the advance that Creator failed to reimburse.

### D.    Vydia is Entitled to Attorney's Fees

Vydia is entitled to attorneys' fees and costs under the terms of the Agreement. (*See* ECF No. 29-1 § 15.) In the Agreement, Creator indemnified Vydia "from and against any and all damages, liabilities, costs, losses and expenses (including legal costs and reasonable attorneys' fees and costs of investigation) arising out of: a breach or threatened breach..." (ECF No. 29-1 § 15 (emphasis added).) Magistrate Judge Parker correctly determined that this justifies an award

of fees and costs. Defendant failed to provide the Client Content, did not have the rights to provide Client Content of Morray, and did not return the Advance, warranting an award of attorneys' fees and costs to Plaintiff in this action.

Magistrate Judge Parker correctly calculated attorneys' fees. Attorneys' fee awards are determined by measuring the reasonableness of the attorney's hourly rate and the number of hours required by the case. *See Millea v. Metro-North R.R.*, 658 F.3d 154, 166 (2d Cir. 2011) (citing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008); *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553 (2010)). Along with a court's own knowledge of hourly rates, a reasonable hourly rate is "the rate a paying client would be willing to pay," understanding that "a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill*, 522 F.3d at 190. Conversely, courts consider if the number of hours billed by the attorney is reasonable, after evaluating "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992) (citation omitted).

District courts exercise "considerable discretion" in awarding attorneys' fees. *See McDaniel v. County of Schenectady*, 595 F.3d 411, 414, 416 (2d Cir. 2010). The court must, however, "clearly and concisely state reasons supporting the award." *Tackie v. Keff Enters. LLC*, No. 14-cv-2074 (JPO), 2014 WL 4626229, at *6 (S.D.N.Y. Sept. 16, 2014). Plaintiff bears the burden to produce "contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done." *Scott v. City of New York*, 626 F.3d 130, 133-34 (2d Cir. 2010); *see also Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020); *see also D.B. ex rel. S.B. v. N.Y.C. Dep't of Educ.*, 2019 WL 6831506, at *1 (S.D.N.Y. Apr. 22, 2019); *see also Hensley*

8

*v. Eckerhart*, 461 U.S. 424, 437 (1983); *McDaniel v. County of Schenectady*, 595 F.3d 411, 414, 416 (2d Cir. 2010); *Arbor Hill*, 522 F.3d at 190.

Here, the record reflects that counsel for the Plaintiff, Hillel Parness and Nicole Chessin are highly experienced, well-qualified, and pursued this action effectively and efficiently. (ECF No. 30 ¶¶ 10-11.) Plaintiff's counsel provided contemporaneous billing records and Judge Parker did not err in determining that the records reflect an appropriate amount of time spent on this matter. Both counsels' rates are reasonable and consistent with rates awarded in this district for lawyers of their experience in connection with commercial or contract litigation and in default judgments involving this type of action. *See, e.g., Wistron NeWeb Corp. v. Genesis Networks Telecom Servs., LLC*, 2023 WL 5211352, at *9 (S.D.N.Y. Aug. 14, 2023) (approving hourly rates ranging from $400 per hour for an associate with 10 years' experience to $800 per hour for named partner with 36 years' experience in a contract case); (Decl. of Hillel I. Parness, Ex. D, ECF No. 30-4.) Accordingly, attorney's fees in the amount of $30,875.50 should be awarded.

### E.      Vydia is Entitled to Additional Costs, Pre-, and Post-judgment Interest

This Court finds no clear error in Judge Parker's analysis of additional costs and pre- and post-judgment interest. Vydia is entitled to recover costs. "An award of costs 'normally include[s] those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients.'" *Fisher*, 948 F.3d at 600 (quoting *Reichman Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278, 283 (2d Cir. 1987)); *see also Perez Garcia v. Hirakegoma Inc.*, 2020 WL 1130765, at *13 (S.D.N.Y. March 9, 2020). Here, the costs of filing fees and service of process are normally reimbursable, and Plaintiff has provided sufficient evidence of incurring them. (ECF No. 30, Ex. D.) Accordingly, the Report appropriately recommended that Plaintiff be awarded $566.42 in costs.

9

Vydia is entitled to recover prejudgment interest. This Court applies New York law to determine whether to award prejudgment interest because it applied New York law to the substantive claims. *See Schwartz v. Liberty Mut. Ins. Co., 539 F.3d 135*, 147 (2d Cir. 2008) ("Under New York choice of law principles, the allowance of prejudgment interest is controlled by the law of the state whose law determined liability on the main claim.") (cleaned up). Pursuant to N.Y. C.P.L.R. 5001(a), pre-judgment interest "shall be recovered upon a sum awarded because of a breach of performance of a contract." *Maricultura Del Norte, S. de R.L. de C.V. v. Umami Sustainable Seafood, Inc.*, 769 F. App'x 44, 52 (2d Cir. 2019) (emphasis in original) (summary order) (holding "N.Y. C.P.L.R. 5001(a) speaks in mandatory language."). Thus, "[i]nterest is generally mandatory" upon a sum awarded for breach of contract. *Rhodes v. Davis*, 628 F. App'x 787, 792 (2d Cir. 2015) (citing N.Y. C.P.L.R. 5001(a), N.Y. C.P.L.R. 5004). New York's C.P.L.R. provides that "[i]nterest shall be computed from the earliest ascertainable date the cause of action existed, except that interest upon damages incurred thereafter shall be computed from the date incurred." N.Y. C.P.L.R. 5001(b); *Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Americas*, 727 F. Supp. 2d 256, 295 (S.D.N.Y. 2010) (noting prejudgment interest ordinarily accrues from date of breach).

Here, the Agreement states that it is "effective as of the Effective Date" (ECF No. 19-1 at 1.) This Court could not identify the "Effective Date" other than by reference to the dates the Agreement was signed by the parties. It was signed by Defendant on June 27, 2024, and signed by Plaintiff on July 1, 2024. (ECF No. 29-1.) Therefore, as the Report does, this Court uses July 1, 2024 as the Effective Date. A breach occurred as of that date because Defendant made a misrepresentation of rights when signing the agreement. Therefore, this Court uses July 1, 2024, as the date of the breach.

10

The statutory interest rate in New York applicable to these claims is 9%. N.Y. C.P.L.R. 5004. Judge Parker properly determined that at 9%, the annual interest on the principal damages sums of $160,000 is $14,400 per year ($39.45 per day). Accordingly, this Court awards pre-judgment interest at a rate of 9%, calculated from July 1, 2024, through the date of entry of judgment.

Judge Parker did not err in determining that Výdia is entitled to post-judgment interest. 28 U.S.C. § 1961 provides for an award of post-judgment interest "on any money judgment in a civil case recovered in a district court." *Schipani v. McLeod*, 541 F.3d 158, 165 (2d Cir. 2008). Thus, post-judgment interest is mandatory. *See Bleecker v. Zetian Sys., Inc.*, 2013 WL 5951162, at *2 (S.D.N.Y. Nov. 1, 2013). This Court therefore awards post-judgment interest at the statutory rate calculated by the Clerk of the Court pursuant to 28 U.S.C. § 1961.

11

## IV.    CONCLUSION

Plaintiff Vydia, Inc.'s motion for default judgment as to Creator Sync, Inc. is GRANTED and the Report is ADOPTED in its entirety.  Plaintiff is awarded (a) principal damages in the amount of $160,000.00; (b) prejudgment interest on such damages, at the interest rate of nine percent (9%; i.e., $39.45 per day) from July 1, 2024 through the date of judgment; (c) post-judgment interest pursuant to 28 U.S.C. § 1961; (d) attorneys' fees in the amount of $30,875.50; and (e) costs in the amount of $566.42.   The Clerk of Court is hereby directed to enter judgment accordingly and close the open motion at ECF No. 28.

Dated:

APR 3 0 2026
New York, New York

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS

United States District Judge

12